UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 21-8719-CJC (PLA)**                                                                                   Date: **November 9, 2021**

Title:   **Ulysses Legue-Telle v. G. Pratt, Warden**

---

**PRESENT:  THE HONORABLE    PAUL L. ABRAMS**
                                            **UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**                               **ATTORNEYS PRESENT FOR RESPONDENT:**
                    NONE                                                                                                       NONE

**PROCEEDINGS:  (IN CHAMBERS)  Order to Show Cause**

On November 3, 2021, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet."). Petitioner raises three claims related to his 2019 conviction for assault with force likely to produce great bodily injury (Cal. Penal Code §§ 243, 245, 1222.7):  (1) the victim refused to supply medical records as proof of his injury ("Ground One"); (2) the videotape of the incident was not complete and failed to show that the victim shoved petitioner at the "beginning of the physical portion of the confrontation" ("Ground Two"); and (3) ineffective assistance of counsel who failed to meet with petitioner before and/or after each court session and ignored his attempts to reach her when he was out on bail ("Ground Three"). (Pet. at 5-6). Petitioner represents that his claims in Grounds Two and Three were not presented to the California Supreme Court. (Id.).

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to consider and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  He must present his claims to the highest state court or demonstrate that no state remedy remains available.  See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  Including unexhausted claims in a habeas petition renders the petition "mixed" and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Based on petitioner's statements in his Petition, it appears that at least Grounds Two and Three are unexhausted. Accordingly, the entire Petition is subject to dismissal as a "mixed" petition -- that is, a petition containing both exhausted and unexhausted claims.

However, in the event that petitioner **has** in fact already exhausted his claims in Grounds Two and Three of the Petition by presenting them to the California Supreme Court, petitioner must file a declaration, signed under penalty of perjury, stating that Grounds Two and Three have already been exhausted in the California Supreme Court, and he must attach a copy of the California Supreme Court's denial of his state habeas petition that presented those claims to that court.

On the other hand, if petitioner **has not** already exhausted his claims in Grounds Two and Three, he has the following four options in this action:

**Option 1:** Petitioner may request a voluntary dismissal of the entire action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), so that he may return to the state courts to exhaust his unexhausted claims. However, petitioner is cautioned that should he choose to dismiss the instant Petition, any subsequent federal petition may be entirely time-barred by the statute of limitations under 28 U.S.C. § 2244(d)(1), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." See also 28 U.S.C. 2244 (d)(1)(A)-(D) (explaining when the one-year period begins to run). **In order to proceed under Option 1, petitioner may use the attached Notice of Dismissal form and select the option dismissing this action in its entirety. He must also sign the form**.

*or* **Option 2:** Petitioner may request a voluntary dismissal of his unexhausted claims (Ground Two and Three) and elect to proceed only on his exhausted claim (Ground One). However, petitioner is advised that if he elects to proceed with his exhausted claim, any future habeas petition containing his currently unexhausted claims, or any other claims that could have been raised in the instant Petition, may be rejected as successive. **In order to proceed under Option 2, petitioner must file a declaration, signed under penalty of perjury, in which he states that he elects to dismiss his unexhausted Grounds Two and Three and proceed in this action only with his exhausted claim in Ground One**.

*or* **Option 3:** Pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court may stay the claims in a "mixed" petition while petitioner returns to state court to exhaust his already pled, but unexhausted, claims. The Court notes that in California, each court has original jurisdiction to consider a state habeas petition, so a petitioner can simply raise his unexhausted claims (Grounds Two and Three) in a **habeas corpus petition** directly to the California Supreme Court to satisfy the exhaustion requirement. Cal. Const. art. VI, § 10 ("The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings."). To obtain a stay pursuant to Rhines so that petitioner can then exhaust Grounds Two and Three in state court, petitioner must show that: (1) he has good cause for his failure to have already exhausted his claim in state court; (2) the unexhausted claim is potentially meritorious; and (3) there is no indication that he intentionally delayed pursuing exhaustion of his claim. Id. at 278. **In order to proceed under Option 3, petitioner must file a declaration, signed under penalty of perjury, electing to seek a stay pursuant to Rhines, and must also: (1) inform the Court whether he is currently exhausting Grounds Two and Three through a pending state habeas petition and, if so, provide the Court with a complete copy of that petition; and (2) show good cause for not having already exhausted his unexhausted claims, demonstrate that the claims are not plainly meritless, and show that he has not intentionally delayed pursuing his unexhausted claims.**

*or* **Option 4:**   Pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claims (Grounds Two and Three), after which the Court may stay his remaining fully exhausted claim (Ground One) while he returns to state court to exhaust his dismissed claims.  Petitioner is warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles."  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  In particular, petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with an exhausted claim in the pending petition.  Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).  **In order to proceed under Option 4, petitioner must file a declaration, signed under penalty of perjury, electing a stay pursuant to Kelly, and stating that he dismisses his unexhausted Grounds Two and Three.**

Accordingly, **no later than December 10, 2021,** petitioner is **ordered** to show cause why the Petition should not be dismissed as a "mixed" petition.  Filing by petitioner, on or before **December 10, 2021,** of a declaration stating that he already exhausted Grounds Two and Three in a state habeas petition (including a copy of the state habeas denial), **or** a declaration and/or notice of dismissal as set forth in options 1 through 4 above, shall be deemed compliance with this Order to Show Cause.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in a recommendation that this action be dismissed as a "mixed" petition, and for failure to prosecute and follow Court orders**.  The Court clerk is directed to send petitioner a copy of the Notice of Dismissal form, along with this Order.

IT IS SO ORDERED.


cc:     Ulysses Legue-Telle, pro se

Initials of Deputy Clerk ____ch____